**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **ROQUE "ROCKY" DE LA FUENTE** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 1:16-cv-1201** |
| **v.** | : | |
| | : | |
| **JAMES B. ALCORN, in his official capacity as a member of the Virginia Board of Elections; CLARA BELLE WHEELER, in her official capacity as a member of the Virginia Board of Election; SINGLETON B. McCALLISTER, in his official capacity as a member of the Virginia Board of Elections;** | : | ***Filed Electronically*** |
| | : | |
| **Defendants.** | : | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR EMERGENCY PRELIMINARY INJUNCTIVE RELIEF**

This Court directed discrete briefing by the parties on defendants' claim that *Greidinger v. Davis*, 988 F.2d 1344 (4th Cir. 1993) obviates plaintiff's Supremacy Clause argument against defendants' mandatory collection of SSNs from presidential electors and attempted collection of SSNs from signers of election petitions in Virginia. It is clear from any sober reading of the opinion in *Greidinger v. Davis* that the *pro se* plaintiff in that case never raised the issue that the collection of SSNs by the Virginia Department of Elections implicated a violation of the Supremacy Clause of the United States Constitution and the Fourth Circuit never addressed that issue in *Greidinger*. Accordingly, *Greidinger* does not foreclose this Court from ruling that defendants' collection of SSNs is unlawful under the Supremacy Clause of the United States Constitution and as a result, any benefit alleged to be derived from the collection of SSNs by defendants cannot be placed on the "scale" in defendants' favor as part of the balancing test analysis announced in *Anderson v. Celebreeze*, 460 U.S. 780, 786 (1983) and *Burdick v. Takushi*,

504 U.S. 428, 434 (1992), in determining if defendants' conduct impaired rights guaranteed to plaintiff under the First and Fourteenth Amendments to the United States Constitution.

The *pro se* plaintiff in *Greidinger* alleged that Virginia's collection of SSNs: (1) imposed an unconstitutional burden on his right to vote; and (2) violated § 7(b) of the Privacy Act of 1974, Pub.L. No. 93-579, § 7, 88 Stat, 1896, 1909 (1974) because the collection of the SSNs did not specify (a) whether the disclosure of the SSN was mandatory or voluntary, (b) inform plaintiff by what statutory or other authority his SSN was solicited, and (c) specify how his SSN would be used by Virginia.

Under the Supremacy Clause of the United States Constitution, state laws or actions violating federal law are invalid. U.S. Const. art. VI *See also*, *Shaw v. Delta Air Lines*, 463 U.S. 85, 96 n.14 (1983). State laws and actions in violation of federal authority are preempted. If state statutes or actions are "inconsistent with an Act of Congress, they are void, so far as that inconsistency extends." *Gibbons v. Ogden*, 22 U.S. 1, 31 (1824). Federal courts have authority under their equitable power "to enjoin unlawful executive action" of state actors in violation of federal preemption under the Supremacy Clause where defendants' violation of the Supremacy Clause implicate some other properly raised cause of action. *See*, *Armstrong v. Exceptional Child Center, Inc.*, 135 S. Ct. 1378, 1384-87 (2015). The plaintiff in *Greidinger* never made the additional claim, raised in the instant action, that Virginia's collection of SSNs is, in the first instance, unlawful because the federal government has never authorized or mandated the collection of SSNs as part of the election machinery with respect to the circulation of petitions and/or other papers and, therefore, violates the Supremacy Clause of the United States Constitution in an area of the law which has been so preempted by Congress that federal officials require specific federal statutory authority to collect SSNs from individual citizens. Because the

Supremacy Clause argument was never raised in *Greidinger*, the Fourth Circuit proceeded to conduct a run-of-the-mill *Anderson* balancing test without any briefing on the issue that the collection of SSNs by Virginia was unlawful under the Supremacy Clause such that the obvious benefits that the use of SSNs affords in the area of identification of voters could not be considered in favor of the conduct alleged to be impairing voting and privacy rights in *Greidinger*.

Under the *Anderson* balancing test, the benefits of otherwise lawful restrictions (such as notarization requirements, requirements on the number of signatures that must be collected for ballot access, ect.) on the election process that impair First Amendment freedoms, to the extent that the restriction is not so severe as to trigger strict scrutiny analysis, must be weighed against the alleged impairment of constitutional rights such that a restriction that strongly promotes an orderly election process that has only a minimal impact on constitutional rights may survive judicial scrutiny, while restrictions which only slightly advance the orderly conduct of elections but which impose a more onerous impairment of rights may be appropriately struck by a court. However, in the instant action, defendants' lack any federal statutory authority to collect SSNs where Congress has clearly "occupied the field" consigning defendants' collection of SSNs as a violation of the Supremacy Clause of the United States Constitution forbids defendants' from arguing that the benefits associated with the collection of SSNs outweigh any impairment on plaintiff's federal constitutional guarantees. The unlawful nature of the collection of SSNs by defendants under the Supremacy Clause prohibit this Court from placing the benefits of SSN collection on the *Anderson* "scale" such that the impairment to plaintiff's First Amendment rights is not outweighed by any legitimate state interest. Accordingly, plaintiff should prevail in the instant action.

As previously noted, the *Greidinger* Court was never called upon to consider the unlawful conduct of Virginia's collection of SSNs under the Supremacy Clause as a barrier to the Court's normal analysis under *Anderson*. If and when the federal government authorizes and/or mandates defendants to collect SSNs from presidential electors and signers of election petitions, *Greidinger* will foreclose, in this Circuit, constitutional challenge to the collection of SSNs under the First and Fourteenth Amendments. However, that critical data point has not yet occurred and *Greidinger*, therefore, is factually and legally distinguishable from the instant case and is not binding precedent in this action.

Respectfully submitted,

Dated: September 27, 2016

/s/ *Paul A. Rossi*

Paul A. Rossi, Esq.
*Counsel for Plaintiff*
PA Supreme Court Bar I.D. #84947
(In Good Standing)
IMPG Advocates, Inc.
316 Hill Street
Mountville, PA 17554
717.961.8978
Paul-Rossi@comcast.net

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on September 27, 2016, he personally caused to be served upon all defendants a true and correct copy of the foregoing "Supplemental Memorandum of Law in Support of Plaintiff's Motion for Emergency Preliminary Injunctive Relief" at the following address by United States Postal Service, First Class mail:

Virginia Board of Elections
Washington Building
1100 Bank Street, 1st Floor
Richmond, VA 23219-3642

Dated: September 27, 2016

/s/ *Paul A. Rossi*
Paul A. Rossi, Esq,