IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROQUE "ROCKY" DE LA FUENTE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 1:16-CV-1201 |
| ) | |
| JAMES B. ALCORN, et al., ) | |
| ) | |
| **Defendants.** ) | |

### REBUTTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants James B. Alcorn, Clara Belle Wheeler, and Singleton B. McAllister, in their official capacities as Chairman, Vice-Chairman, and Secretary, respectively, of the State Board of Elections (collectively, the Board),[1] by counsel, in support of their Motion to Dismiss Plaintiff's Amended Complaint, state as follows:

### ARGUMENT

The Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("Brief in Opposition"), Dkt. # 37, fails to remedy the flaws in the Amended Complaint identified in the Defendants' Motion to Dismiss and the Memorandum in Support thereof, Dkt. # 31, 32. To sustain his Amended Complaint, the Plaintiff must demonstrate standing and plead sufficient facts to state a claim upon which relief may be granted. However, as Plaintiff's Amended Complaint and Brief in Opposition provide neither, it must be dismissed.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'"

---

[1] Unless otherwise noted, references to the Board shall be inclusive of the named Defendants, who are the three members of the Board.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and the Court "need not accept conclusory allegations encompassing the legal effects of the pleaded facts." *Sarvis v. Judd*, 80 F. Supp. 3d 692, 697 (E.D. Va. 2015) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 1998)). The Plaintiff's Amended Complaint and Brief in Opposition, however, advance only such "conclusory allegations" in support of his claim that the Supremacy Clause prohibits either the Defendants' requirement that presidential elector candidates provide their social security number, or the inclusion of an optional field for the last four digits of a voter's social security number on the voter petition form. The Defendants previously noted that the Amended Complaint is bereft of any well-pled facts to support these claims, and the Plaintiff's Brief in Opposition continues this telling omission with yet more "unadorned, the defendant-unlawfully-harmed-me" accusations. *Ashcroft*, 556 U.S. at 678.

Nor does the Plaintiff's extensive catalogue of federal laws which address the use of social security numbers serve to provide a basis for the Plaintiff's unsupported legal conclusions that the Defendants' actions violate the Supremacy Clause. Notably, this listing does not include either Section 7(a)(2)(B) of the Privacy Act of 1974, Pub. L. 93-579, § 7, 88 Stat. 1909, a provision which is of significant relevance to the present case, or the Help America Vote Act, 52 U.S.C. § 20901 *et seq.*, which directly addresses the use of social security numbers in the voter identification context.[2] In light of these statutory provisions, which the Plaintiff simply fails to

---

[2] Each of these statutes are briefed in greater detail in Defendants' Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum") at 7-8. (PageID# 342-43).

address in his Brief in Opposition, the Plaintiff has clearly failed to demonstrate any violation of the Supremacy Clause.[3]

Plaintiff's Memorandum in Opposition maintains his assertion that Virginia law permits only one day to prepare an appeal, while simultaneously asserting that even a seven-day window for the preparation of an appeal would be insufficient to meet due process requirements. The Plaintiff's unsupported allegations that either response window is constitutionally insufficient do not demonstrate either (a) that the Plaintiff is entitled to bring a due process claim or (b) that the Virginia window for appeal is insufficient to permit a disappointed candidate to avail himself of any alleged due process rights. Where the Plaintiff received the benefit of all appellate procedures provided under Virginia law, his due process claim must fail.

Nor does the Plaintiff's Brief in Opposition reveal any basis for standing to bring Counts III–V of the Amended Complaint before this Court. Most notably, the Plaintiff must show both (a) that he has suffered an injury in fact, and (b) that any alleged injury is fairly traceable to the Defendants' challenged actions. *See Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009). However, he has failed to show either. Instead, Counts III–V consist only of bald assertions that the Defendants violated the Plaintiff's First and Fourteenth Amendment rights. As the Defendants' previously noted, the Plaintiff admits that he was able to identify a sufficient number of presidential elector candidates and does not allege that he was prohibited from circulating his voter petitions. *See* Defendants' Memorandum at 15-18 (PageID# 350-53). Thus,

---

[3] Even had the Plaintiff demonstrated such a violation, the Plaintiff provides no basis for his claim that the Defendants' use of social security numbers for candidate and voter identification purposes constitutes a substantial burden under the *Anderson/Burdick* framework. Because any alleged burden is minimal and well-supported by the State's recognized interests, the Plaintiff's Amended Complaint cannot be sustained under the *Anderson/Burdick* framework. *See* Defendants' Memorandum at 4-7 (PageID# 339-42).

he cannot show an interruption in the exercise of his First and Fourteenth Amendment rights.[4] Absent the allegation of an injury in fact, much less an injury caused by the Defendants, Counts III-V of the Plaintiff's Amended Complaint fail.

Finally, it bears noting that the Brief in Opposition represents the fourth opportunity for the Plaintiff to proffer the necessary support for his claims. Having failed to do so in the original Complaint, in response to the Defendants' original Motion to Dismiss, in his Amended Complaint, or now in the Brief in Opposition, the Defendants' entitlement to relief is clear. Despite these numerous opportunities, the Plaintiff has not brought forth any well-pled facts that "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, *supra*). This case, therefore, should be dismissed.

## CONCLUSION

The Plaintiff's Brief in Opposition, as with his previous filings with this Court, fails to demonstrate that his Amended Complaint meets either the federal pleading standards as set out in Fed. R. Civ. P. 8(a)(2), or to demonstrate that he has standing to bring before this Court his claims asserted under the First and Fourteenth Amendments. Plaintiff's Amended Complaint must be dismissed.

WHEREFORE, Defendants James B. Alcorn, Clara Belle Wheeler, and Singleton B. McAllister, in their official capacities as Chairman, Vice-Chairman, and Secretary, respectively, of the State Board of Elections, request the Court dismiss the instant action with prejudice.

---

[4] Nor has the Plaintiff demonstrated that his petition circulators were in any way prevented from circulating his voter petitions, or that a voter's expressive rights were restricted in any way by the optional field for the last four social security number digits (a field that the Plaintiff acknowledges is marked as optional). Furthermore, the Amended Complaint fails to identify even one voter deterred from signing the Plaintiff's voter petition by this optional field.

4

        Respectfully submitted,

        JAMES B. ALCORN, CLARA BELLE WHEELER and
        SINGLETON B. McALLISTER

        By:   /s/   Anna T. Birkenheier
           Anna T. Birkenheier (VSB No. 86035)*
           Assistant Attorney General
           Office of the Virginia Attorney General
           202 North 9th Street
           Richmond, Virginia 23219
           Telephone: (804) 692-0558
           Facsimile: (804) 692-1647
           abirkenheier@oag.state.va.us

Mark R. Herring
Attorney General

John W. Daniel, II
Deputy Attorney General

Heather Hays Lockerman (VSB No. 65535)*
Senior Assistant Attorney General & Section Chief

Anna T. Birkenheier (VSB No. 86035)*
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-0067
Facsimile: (804) 692-1647
hlockerman@oag.state.va.us
abirkenheier@oag.state.va.us
*Counsel of record for Defendants

**CERTIFICATE OF SERVICE**

  THIS IS TO CERTIFY that on February 13, 2017, I am electronically filing the foregoing document with the Clerk of Court using the CM/ECF system. Additionally, I sent the forgoing document via first-class United States mail to the following addresses:

David Ludwig
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182

Thomas M. Dunlap
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182

Christina M. Heischmidt
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182

Eric L. Olavson
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182

Paul A. Rossi, Esq.
IMPG Advocate, Inc.
873 East Baltimore Pike
Suite #705
Kennett Square, PA 19348

              /s/  Anna T. Birkenheier
              Anna T. Birkenheier (VSB No. 86035)*
              Assistant Attorney General
              *Counsel for Defendants*
              Office of the Virginia Attorney General
              202 North 9th Street
              Richmond, Virginia 23219
              Telephone: (804) 692-0558
              Facsimile: (804) 692-1647
              abirkenheier@oag.state.va.us