**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **ROQUE "ROCKY" DE LA FUENTE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No. 1:16-CV-1201** |
| | ) |
| **JAMES B. ALCORN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>AMENDED JOINT STIPULATIONS OF FACT[1]</u>**

Pursuant to the Court's May 25, 2017 Order (dkt#41), and for use only in this litigation for the purpose of narrowing the factual matters in dispute, the parties hereby stipulate as follows:

1.     The Plaintiff, Roque "Rocky" De La Fuente, was an independent candidate for President of the United States in the 2016 presidential election cycle.

2.     The Plaintiff intends to offer himself as a candidate for President of the United States in the 2020 presidential election cycle.

3.     The Plaintiff's presidential campaign organization worked with independent contractors to circulate voter petitions for the purpose of gaining access to the 2016 ballot in Virginia.

4.     The Plaintiff initially sought the nomination of the Democratic Party for the Office of President of the United States.

5.     After the Plaintiff discovered he would not be the Democratic Party's nominee for President he launched an independent campaign for President.

---

[1] These Amended Joint Stipulations of Fact amend the Joint Stipulations of Fact provided to the Court on September 21, 2017 only through the revised document title and the inclusion of a Certificate of Service.

6.      Electors for independent presidential candidates may be nominated by filing a voter petition containing the signatures of at least 5,000 qualified voters, including at least 200 qualified voters from each of Virginia's 11 congressional districts.  *See* Va. Code § 24.2-543(A).

7.      The Defendants provide a voter petition form to be used by independent presidential candidates.  *See* Defendants' Exhibit DX-26.

8.      Independent presidential candidates could begin circulating voter petitions on January 1, 2016.  *See* Va. Code § 24.2-543.

9.      In addition to submitting a voter petition signed by a sufficient number of qualified voters, an independent presidential candidate in Virginia must identify thirteen presidential electors.  *See* Va. Code § 24.2-543(A).  The names of these electors must be listed on the voter petition pages circulated on an independent presidential candidate's behalf.

10.     Independent presidential candidates can identify and approach potential presidential electors at any time prior to the statutory deadline for the submission of voter petitions and certificates of candidate qualification, as Virginia law does not establish a "start date" for this process.

11.     Presidential electors are candidates for elective office.  *See* Va. Code § 24.2-543(A).

12.     As candidates for office, electors for independent presidential candidates are required to submit a Certificate of Candidate Qualification to the Department of Elections.  This form is developed by the Defendants, and made available for the use of presidential electors through the Defendants' website.  *See* Defendants' Exhibit DX-27.

13.     The Plaintiff secured his final presidential elector on or about August 13, 2016.

2

14.     The Plaintiff's campaign began circulating voter petition pages on August 17, 2016.

15.     In 2016, independent presidential candidates were required to submit these petitions to the Virginia Department of Elections (the Department) on or before August 26, 2016.

16.     The Plaintiff's campaign personnel submitted the Plaintiff's voter petition pages to the Department on August 26, 2016.

17.     Following receipt of the Plaintiff's voter petition, the Department reviewed the signatures included in the voter petition, and provided periodic updates regarding the status of its review.  *See* Defendants' Exhibits DX-4, DX-5.

18.     On August 29, 2016, Reiko Doğu, an employee of the Department, sent Elizabeth Wood, an individual associated with the Plaintiff's campaign, an email indicating that as of that date, the Department had reviewed 1,294 total signatures, of which 442 signatures were accepted and 852 signatures were not accepted.  *See* Defendants' Exhibit DX-4.[2]

19.     On August 31, 2016, Laurel Heydenberk, an independent contractor employed by the Department, sent Elizabeth Wood an email indicating that as of that date, the Department had reviewed 6,990 total signatures, of which 1,437 signatures were accepted and 5,553 signatures were not accepted.  *See* Defendants' Exhibit DX-5.[3]

20.     On September 2, 2016, Ms. Doğu notified the Plaintiff's campaign that the Department had completed its review of the Plaintiff's voter petition, and had concluded that the Plaintiff had failed to submit sufficient signatures to gain access to the 2016 Virginia presidential

---

[2] Defendants do not stipulate that this communication represents an accurate statement of the total number of signatures included in the voter petition pages reviewed by the Department as of August 29, 2016.
[3] Defendants do not stipulate that this communication represents an accurate statement of the total number of signatures included in the voter petition pages reviewed by the Department as of August 31, 2016.

ballot.  Ms. Doḡu provided this notification via a Notice of Deficiency sent to Elizabeth Wood. *See* Defendants' Exhibits DX-9, DX-10.

21.     The Notice of Deficiency informed Ms. Wood "that only 2283 of the 12329 names submitted could be verified as qualified registered Virginia voters."  *See* Defendants' Exhibits DX-10.[4]

22.     The Notice of Deficiency notified the Plaintiff's campaign of the Plaintiff's ability to appeal the Department's determination.  See Defendants' Exhibits DX-10.

23.     In addition to the Notice of Deficiency, Ms. Doḡu provided documents which the Plaintiff could refer to in preparing his appeal.  See Defendants' Exhibits DX-7, DX-8, DX-10, DX-11, DX-12.

24.     Pursuant to Virginia law, an independent presidential candidate may appeal a Notice of Deficiency by filing a notice of appeal within seven calendar days of receipt of the Notice of Deficiency.  *See* Va. Code § 24.2-543(B).  As provided by Virginia law, upon receipt of the September 2, 2016 Notice of Deficiency, the Plaintiff could note an appeal at any point on or before September 9, 2016.

25.     Pursuant to Virginia law, upon receipt of a notice of appeal, the Defendants must hear an appeal within three business days.  *See* Va. Code § 24.2-543(B).

26.     Once a candidate files a notice of appeal, an appeal hearing will be scheduled, but no hearing will occur unless the appealing candidate submits certain supporting information regarding the specific rejected signatures to be reviewed by the Defendants on appeal.  *See* 1 VAC 20-50-30(G)(1).

---

[4] Defendants do not stipulate that this communication represents an accurate statement of the total number of signatures included in the Plaintiff's voter petition.

27.    The Notice of Deficiency notified the Plaintiff's campaign that "[i]f you wish to appeal the finding that the qualified signatures on your petitions were deficient in number to qualify you to appear on the ballot, you must present written evidence that rejected signatures were those of qualified registered voters of Virginia that the day the petition was filed." *See* Defendants' Exhibit DX-10.

28.    The Notice of Deficiency further notified the Plaintiff's campaign that photocopies of the Plaintiff's marked petition pages could be picked up at the Department of Elections.

29.    In conjunction with the Notice of Deficiency, on September 2 Ms. Doḡu also provided the Plaintiff's campaign with a spreadsheet listing each signature line on the valid petition pages reviewed by the Department.  This spreadsheet included notations regarding whether the contents of each signature line were validated, or the basis for the Department's determination that a signature line did not include the signature of a qualified voter.  *See* Defendants' Exhibit DX-2.

30.    On September 9, 2016, the Plaintiff's Notice of Appeal was filed with the Defendants.  *See* Defendants' Exhibits DX-19, DX-20.

31.    On September 9, Paul Stenbjorn, the Director of Election Administration and Election Technology Certification and Security for the Department, notified the Plaintiff's campaign that the Defendants' regulations required the Plaintiff to provide "a list containing the rejected signatures to be reviewed and the specific reason for each signature's reconsideration at least two business days prior to the date on which the appeal will be heard."  *See* Defendants' Exhibit DX-22.

32.     On September 12, Plaintiff's counsel provided the Defendants with a letter which asserted that 2,557 petition signatures were missing and were not reviewed by the Department, that the 811 signatures classified by the Department as "Cannot Identify" could be identified, and that the 152 signatures classified by the Department as "Illegible" could, "upon close examination, be ascertained and subject to validation."  *See* Defendants' Exhibit DX-24.  This letter requested that the Defendants "order a new review – with the full participation of representatives of the Candidate" of all timely filed petition signatures.

33.     Before independent candidates for the Office of President and Vice-President of the United States of America may circulate election petitions in the Commonwealth of Virginia, candidates must first secure a full slate of candidates seeking to serve as presidential electors in Virginia's Electoral College, who pledge to support the independent candidates' candidacy for President and Vice-President should they be certified by the Virginia State Board of Elections to serve in Virginia's Electoral College.  *See* Va. Code § 24.2-543.

34.     Candidates seeking election to Virginia's Electoral College are required to record their full social security number on the Certificate of Candidate Qualification, a form which must be notarized by a notary public before it can be accepted by the Department.  *See* Defendants' Exhibit DX-27.

35.     Candidates seeking to be elected to Virginia's Electoral College sometimes execute the required form to become a candidate for election to Virginia's Electoral College and then deliver the form to a third party to file the required form with the Department.

36.     Campaigns recruiting presidential electors may inform prospective presidential electors that they must divulge their full social security number as a condition precedent before they may qualify as a candidate for Virginia's Electoral College.

ROQUE "ROCKY" DE LA FUENTE

By:     _____/s/_____

David Ludwig (VA Bar ID No. 73157)
Thomas M. Dunlap (VA Bar ID No. 44016)
Christina M. Heischmidt (VA Bar ID No. 80463)
Eric L. Olavson (VA Bar ID No. 87872)
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182
703.777.7319 (telephone)
703.777.3656 (facsimile)
dludwig@dbllawyers.com
tdunlap@dbllawyers.com
cheischmidt@dbllawyers.com
eolavson@dbllawyers.com

Paul A. Rossi, Esq. (PA Bar ID No. 84948)
*Counsel for Plaintiff, Roque De La Fuente*
Admission *Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Mountville, Pennsylvania  17554
717.961.8979
Paul-Rossi@comcast.net

By:  _____/s/_____
Anna T. Birkenheier (VSB# 86035)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0558
Facsimile:  (804) 692-1647
abirkenheier@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Cynthia E. Hudson
Chief Deputy Attorney General

John W. Daniel, II
Deputy Attorney General, Commerce, Environment and Technology Division

Heather Hays Lockerman (VSB# 65535)*
Senior Assistant Attorney General

Anna T. Birkenheier (VSB# 86035)*
Assistant Attorney General

*Attorneys for James B. Alcorn, Clara Belle Wheeler, and Singleton B. McAllister, in their official capacities

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that, on September 21, 2017, I am electronically filing the foregoing document with the Clerk of Court using the CM/ECF system.  Additionally, the forgoing document will be sent via first-class United States mail to the following addresses:

David Ludwig (VA Bar ID No. 73157)
Thomas M. Dunlap (VA Bar ID No. 44016)
Christina M. Heischmidt (VA Bar ID No. 80463)
Eric L. Olavson (VA Bar ID No. 87872)
Dunlap Bennett & Ludwig PLLC
8300 Boone Blvd.
Suite 550
Vienna, VA 22182

Paul A. Rossi, Esq. (PA Bar ID No. 84948)
*Counsel for Plaintiff, Roque De La Fuente*
Admission *Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Mountville, Pennsylvania  17554

         /s/      Anna T. Birkenheier
Anna T. Birkenheier (VSB No. 86035)
Assistant Attorney General
*Counsel for Defendants*
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 692-0558
Facsimile: (804) 692-1647
abirkenheier@oag.state.va.us